```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEOSHA YOLANDA WILLIAMS,                    :

                        Plaintiff,          :

        -against-                           :         ORDER

NEW YORK CITY DEPARTMENT OF                 :         18-CV-11621 (RA) (KNF)
EDUCATION AND ROSIE SIFUENTES
ROSADO,                                     :

                        Defendants.         :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a joint letter dated October 13, 2021, the parties requested the Court's intervention concerning a dispute over paragraphs 1(c) and 23 of their proposed protective order. See Docket Entry No. 76. The plaintiff, proceeding pro se, asserts that she "proposed to [the defendants' counsel] to either amend clause 1(c) with the alternatives that I suggested, or, remove it altogether," but the defendants' counsel "emailed me and restated that clause 1(c) was non-negotiable." The plaintiff contends: "The sole purpose of the disclosure of these files is to bring forth transparency and accountability from Defendant Rosie Sifuentes-Roado and Defendant NYC DOE. Disclosure of such produced materials would expose any patterns of misconduct and/or discriminatory behavior, which can be used as evidence when proven in future litigation."

The defendants assert concerning paragraph 1(c):

> By bringing this employment discrimination case, plaintiff has placed her employment records at issue. Accordingly, absent any particularized reason from plaintiff, there is no valid basis for preemptively limiting and conditioning the use of plaintiff's employment records. In contrast, there is a legitimate basis for limiting and conditioning the use of defendant Sifuentes-Rosado and non-party DOE employees' records. . . . Public dissemination of complaints regarding instances of alleged discrimination or workplace harassment would, by their very nature, be harmful to those accused and to those that made those complaints. Further, public disclosure of those records serves no purpose other than to harass and embarrass the subject of those

1

    complaints. In sum, defendants request that Paragraph 1(c) remain as defendants have proposed.

Concerning paragraph 23, the defendants assert:

> Paragraph 23 of the Protective Order should not be modified to allow for the use of confidential materials to be used in "future litigation." The primary purpose of the Protective Order is to prevent future disclosure of these materials after the termination of this case, including the use of any such materials in any other cases or proceedings. Allowing plaintiff to hold on to the Confidential Materials for use in some unspecified "future litigation" would subvert the overall purpose of the Protective Order – to prevent the use, dissemination or disclosure of the Confidential Materials to others and/or to prevent these Confidential Materials from being used in other actions. To the extent the material would be relevant to any "future litigation," plaintiff, of course, would be able to seek discovery in that litigation.

As directed by the Court, the defendants submitted the "Stipulation and Proposed Protective Order" containing both the plaintiff's and the defendants' proposed disputed paragraphs. See Docket Entry Nos. 77 and 78.

    The defendants made no citation to any binding authority for the assertions that: (i) the plaintiff has no privacy interest in her personal information because she "has placed her employment records at issue"; and (ii) "absent any particularized reason from plaintiff, there is no valid basis for preemptively limiting and conditioning the use of plaintiff's employment records." Moreover, the defendants did not explain why their present or former employees other than defendant Rosa Sifuentes-Rosado have no privacy interest in their personal information. The defendants' arguments concerning their proposed paragraph 23 are convincing.

    The Court finds that in the circumstance of this case, adopting: (i) the plaintiff's proposed paragraph 1(c); and (ii) the defendants' proposed paragraph 23 is warranted. The defendants shall

file the protective order accordingly for the Court's endorsement.

Dated:  New York, New York  
       October 28, 2021

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE