UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MEOSHA WILLIAMS,

                                        Plaintiffs,

              -against-

NEW YORK CITY DEPARTMENT OF EDUCATION
AND ROSIE SIFUENTES ROSADO,

                                        Defendants.

**STIPULATION AND PROTECTIVE ORDER**

18-CV-11621 (RA) (KNF)

------------------------------------------------------------------- X

        **WHEREAS**, plaintiff and defendants (collectively the "Parties" and individually a "Party") request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action; and,

        **WHEREAS**, each party objects to the production of those documents and that information unless appropriate protection for their confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

        <u>Confidential Material In General</u>

        1.     Without waiving any objections the parties might seek to propose regarding production of those documents, a producing party may designate the following documents as "Confidential Material":

                (a) employment documents and/or information including, but not limited to, personnel, disciplinary, and records of investigation conducted by

    the Department of Education ("DOE") Office of Special Investigations ("OSI") or other agencies regarding all non-party employees or contractors of the DOE;

(b) plaintiff's medical, physical, and mental condition records obtained pursuant to an authorization for release of said material;

(c) personal information, documentation, or files pertaining to any and all former and/or present DOE employees of both parties; and

(d) any other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except for such documents that are obtained from sources other than the parties, or are otherwise publicly available.

<u>Use of Confidential Materials In General</u>

2. Neither the parties, nor anyone else, receiving such Confidential Material as provided herein shall use the Confidential Material for any purpose other than for the preparation or presentation of their case in this action.

3. Neither a party nor counsel in receipt of Confidential Material shall disclose Confidential Material to any person except under the following conditions:

  a. Disclosure before trial may be made only to (i) the parties; (ii) the counsel's staff, (iii) an expert who has been retained or specially employed by counsel in anticipation of litigation or preparation of this action (including consulting experts), (iv) a third party witness who authored or was a designated recipient of a document containing confidential information, or a witness not under the disclosing party's control at deposition (as provided for below), (v) a Court Reporter providing services in connection with this

action; (vi) the Court and Court personnel(as provided for below) or (vii) at the trial (or another hearing) of this action (as provided for below), wherein for all cases the disclosure of such information is deemed necessary to the investigation of the matters relevant to this action, presentation of such testimony, or the legal issues pertinent to this action;

b. Disclosure to an individual not listed in subparagraph 3(a) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between the parties as to whether a arty may show Confidential Material to an individual not listed in subparagraph (a) above, the party receiving the Confidential Material agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard; and

c. Before any disclosure is made to a person listed in subparagraphs 3(a)(iii) and (iv) above, the party who received the Confidential Material in discovery shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A (the "Consent Form"), not to use the Confidential Material for any purpose other than in connection with the preparation, presentation or defense of this case and not to further disclose the Confidential Material except in testimony given in this case. The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. The signed consent shall be retained by the applicable attorney or party and a copy shall

be furnished to opposing counsel upon request within ten days of receipt of the request for such copy.

4. Confidential Material shall not be copied or reproduced except for use in this action, and shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Material are made does not preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate. All copies or reproductions of Confidential Material shall be kept under the control of the persons described in paragraph 3.

<u>Designation of Confidential Information In General</u>

5. Material (including responses to Interrogatories and court filings) shall be designated as "Confidential" by placing or affixing on such material a "CONFIDENTIAL" notice, or, in the case of materials to be produced for inspection, or testimony, otherwise identifying them as "Confidential Material."

6. Any such notice which is inadvertently omitted during document production or inspection may be corrected by written notification to counsel within 20 days of production.

7. Deposition or hearing testimony may be designated as "Confidential Material" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript and within 30 days of receipt of the transcript.

8. Deposition exhibits and exhibits to Court filings which are deemed "Confidential Material" shall be so designated by stamping the exhibit accordingly.

9. Any transcript or exhibit designated as "Confidential" shall be separately bound and the "Confidential" designation shall be marked conspicuously on the cover.

10. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  To the extent required to be consistent with the provisions of this Stipulation and Protective Order, persons not entitled to have access to Confidential Material may be excluded from any proceeding where it is being discussed, upon application to the Court by the party asserting that Confidential Material may be subject to discussion.

<u>Disputes</u>

11. If anyone objects to discovery materials being considered Confidential, the party shall state the objection by letter to the opposing party.  If the Parties are unable to resolve the objection, the party seeking to challenge the designation of materials as "Confidential" may move the Court for an Order that the challenged information does not qualify as Confidential Information.  Until the Court rules on the objection, the disputed information shall be treated as Confidential Information.

<u>Depositions</u>

12. Persons attending depositions taken in this action at which Confidential Material or any information contained therein is identified, discussed or disclosed shall be limited to the parties, the Court reporter, the deponent, counsel for the deponent, counsel for the parties and any representative of the parties who are bound by the terms of this

Stipulation and Confidentiality Agreement and such other persons identified herein. If any Confidential Material is to be used during the deposition of a non-party witness, the deponent shall be given a copy of the Consent Form prior to the deposition, advised that he or she is bound by the terms thereof, and requested to sign the Consent Form. In the event the deponent elects not to execute the Consent Form, the court reporter will be directed not to provide a copy of the deposition transcript to the deponent for review, but shall require the deponent to come to the court reporter's office to review the transcript. The deponent will not be allowed to make a copy of the transcript. In addition, the court reporter is prohibited from providing a copy to the deponent of any Confidential Material contained in exhibits to the deposition.

      13.     Deposition testimony concerning any Confidential Material which reveals the contents of such material shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Information within the meaning of this Stipulation and Protective Order.

      14.     Transcripts of depositions shall be given the protections afforded Confidential Materials under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the parties an opportunity to designate information contained in that transcript as Confidential Material.

Inadvertent Production and Rule 502(d)

15. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law, (collectively, "Protected Material") shall not constitute a waiver of any privilege or protection applicable to that information in this action.  This Stipulation and Proposed Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16. Nothing contained herein is intended to or shall limit a party's right to conduct a review of documents, electronically stored information ("ESI") or information (including metadata) for relevance, responsiveness and/or segregation of Protected Material before production.

17. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") or any other entity or individual receiving Protected Material return or destroy the Protected Material (the "Clawback Demand").  Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity, in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed.  If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

18. Within five (5) business days of receiving a Clawback Demand, the Receiving Party and any other entity or individual receiving Protected Material shall either return the Protected Material or destroy the Protected Material, including any documents

containing Protected Material regardless of whether the Receiving Party agrees with the assertion of privilege and/or work product protection.

19. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

20. After receiving a Clawback Demand, the Receiving Party shall not disclose Protected Material to any person or entity that had not already had access to the material. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

<u>Filings with the Court</u>

21. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

### Court Proceedings

22. Subject to the applicable rules of evidence, Confidential Material may be disclosed at trial or at a hearing in open court. The parties shall make separate application, if applicable, governing the use of Confidential Material during any trial or hearing in open Court. Nothing in this Order shall operate as an admission by any party that any particular discovery information is or is not admissible in evidence at the trial of this action.

### Termination of this Case

23. The confidential nature of all information subject to this Stipulation and Proposed Protective Order shall continue, and this Stipulation and Proposed Protective Order shall remain in full force and effect, after the termination of this case (including any related appeals). Within 90 days of the termination of this case, the parties and persons in receipt of Confidential Information shall return all Confidential Information they had received (including all copies, notes, and other materials containing or referring to information derived therefrom) to the party that had produced the Confidential Information, provided that notes and other materials that are or contain the work product of attorneys may be retained. However, any such retained work product shall not be used in any other case.

### Subpoena or Compulsory Process

24. If a party has obtained Confidential Material under the terms of this Stipulation and Protective Order and receives a subpoena or other compulsory process commanding the production of such Confidential Material, the subpoenaed party shall promptly notify the supplying party. The subpoenaed party or counsel shall not produce any Confidential Material in response to the subpoena without the prior written consent of

the supplying party unless in response to an order of a court of competent jurisdiction. The subpoenaed party or counsel will not object to the supplying party having a reasonable opportunity to appear in the litigation or process commanding disclosure of the supplying party's Confidential Material for the sole purpose of seeking to prevent or restrict disclosure thereof.

<u>Enforcement-Jurisdiction-Breach</u>

25.     If Confidential Material under the terms of this Order is disclosed to any person other than ones entitled to disclosure in the manner authorized under this Order, the party who had received the Confidential Material in discovery, upon learning of such disclosure, shall immediately inform the party that made the designation of confidentiality in writing of all pertinent facts relating to such disclosure, and shall make every effort to prevent further unauthorized disclosure of the Confidential Information.

26.     Notwithstanding the foregoing, the parties are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Material under the terms of this Order.

27.     For the purposes of this Stipulation only, the parties and parties in receipt of Confidential Material agree to be subject to the jurisdiction of the Court (including, but not limited to, any dispute concerning its enforcement and/or interpretation) and to be bound by the terms of this Stipulation and Order. Notwithstanding the foregoing, in the event of a breach of this Stipulation and Confidentiality Agreement, the parties shall be entitled to obtain injunctive relief from any court having jurisdiction to enforce the provisions hereof. This Stipulation and Confidentiality Agreement shall be interpreted in accordance with the laws of the State of New York.

Miscellaneous

28. Nothing in this Stipulation and Proposed Protective Order shall be construed to limit the use of the Confidential Material in any manner by the party who provided it.

29. Nothing continued in this Stipulation and Proposed Protective Order shall affect the right of a party to make another type of objection or other response to discovery requests.  This Stipulation and Proposed Protective Order does not bar the parties from redacting from any documents produced in discovery the personal identifying information of potential, current, or former employees of the City of New York and/or the DOE, including, but not limited to, home addresses, social security numbers, dates of birth and telephone numbers of those employees and any family members.

30. The supplying party or person may agree in writing to any specific disclosure of Confidential Material (or any information contained therein or derived therefrom) in a particular circumstance without prejudice to the continued application of this Agreement as to the use of that document or thing.

31. This Stipulation and Proposed Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Stipulation and/or any entered Protective Order, nor the designation of any information or document as Confidential Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.  Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Material or the like by an opposite party is in fact confidential or a trade secret; or (b) with respect to the competency, relevance or materiality of any information, document.

32. No disclosure of Confidential Material (or any information contained therein or derived therefrom), whether intentional or inadvertent, shall be deemed to waive any of the rights provided herein or at law, including claims and assertions of privilege and/or relevancy, except as provided above. Disclosure of Confidential Material for one purpose does not constitute a waiver for any other purposes.

33. This Stipulation and Proposed Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

34. The parties shall jointly submit a fully-executed Stipulation and Proposed Protective Order to the Court for approval and entry as an Order of the Court. In the event the Court refuses to approve the Stipulation and Proposed Protective Order by Court Order, the parties expressly acknowledge their agreement to be bound by the terms of the Stipulation and Proposed Protective Order under all circumstances.

Dated:    New York, New York
               November 29, 2021

| | |
|---|---|
| Meosha Williams<br>Plaintiff *Pro Se*<br>1515 Givan Ave<br>Bronx, NY 10469 | Georgia M. Pestana<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-318<br>New York, New York 10007<br>(212) 356-2078 |
| By: *[signature]*<br>    Meosha Y. Williams | By: *[signature]*<br>    Maria Fernanda DeCastro<br>    Senior Counsel |

SO ORDERED:   11/29/21

*[signature: Kevin Nathaniel Fox]*

HON. KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MEOSHA WILLIAMS,

                                                      Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION
AND ROSIE SIFUENTES ROSADO,

                                                    Defendants.

------------------------------------------------------------------------ x

**STIPULATION AND PROTECTIVE ORDER**

18-CV-11621 (RA) (KNF)

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the Southern District of New York, on November 29, 2021, in the action entitled <u>Meosha Williams v. New York City Department of Education and Rosie Sifuentes Rosado</u>, 18-CV-11621 (RA) (KNF), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Material except in testimony taken in this case.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

The signatory shall further agree to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate. The signatory also understands that a copy of this agreement shall be retained by the party through whom the signatory received the Confidential Material, and may be provided to the other party.

_____          _____
Date                                                            Signature

                                                              _____
                                                              Print Name

                                                              _____
                                                              Occupation